United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 12, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 19-33347 |
| VERT SOLAR FINANCE, LLC, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| EVA S. ENGELHART, CHAPTER 7 TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 21-3442 |
| | § | |
| JOAQUIN ALTENBERG | § | |
| And CLEAN ENERGY NEXUS, LLC | § | |
| And CEN JUNCOS SOLAR, LLC | § | |
| And VERT INVESTMENT GROUP, LLC | § | |
| And ALISON ALTENBERG, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on the Motion to Dismiss (ECF No. 8) filed by defendants, Joaquin Altenberg, Clean Energy Nexus, LLC, CEN Juncos Solar, LLC, VERT Investment Group, and Alison Altenberg (collectively, the "Defendants"), and the response filed in opposition by Chapter 7 Trustee, Eva S. Englehart (the "Trustee") (ECF No. 35). The defendants are moving to dismiss all claims asserted against them pursuant to the Federal Rule of Civil Procedure 12(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7012, for failure to state a claim upon which relief can be granted. For the following reasons, this motion is granted.

**Factual Background**

On June 14, 2019, VERT Solar Finance, LLC (the "Debtor") filed the underlying Chapter 7 bankruptcy case (Case No. 19-33347). On June 11, 2021, the Trustee filed a complaint against

the Defendants, commencing this Adversary Proceeding. According to the Trustee's Original Complaint (ECF No. 1), the plaintiff, Trustee, seeks to recover actual and fraudulent transfers made by the Defendants, and for damages resulting therefrom, for breach of fiduciary duties to the debtor, and for the Defendants' knowing participation in Altenberg's breach of fiduciary duties to the debtor. Based upon these allegations, the Trustee asserts claims against the Defendants for avoidance and recovery of alleged fraudulent conveyances under (a) sections 548(a)(1)(A), 548(a)(1)(B) and 550(a) of the Bankruptcy Code and the Texas Uniform Fraudulent Transfer Act and (b) Tex. Bus. & Comm. Code 24.005(a)(1), 24.005(a)(2), for breach of fiduciary duty (against defendant Joaquin Altenberg), for knowing participation in a conspiracy to breach fiduciary duties (versus defendants Clean Energy Nexus, LLC, CEN Juntos Solar, LLC ("CEN Juntos"), VERT Investment Group, and Alison Altenberg), and for unjust enrichment.

Debtor, VERT Solar Finance, was in the business of financing and developing commercial and industrial solar projects. In 2015, Joaquin Altenberg ("Altenberg"), the founder, Chief Executive Officer and managing member of debtor, formed a fund called the VERT Solar Fund I, LLC (the "VERT Fund"), in which he caused three investors to invest over $6.8 million for the purposes of developing and financing the Debtor's solar energy projects. Within two years the $6.8 million was gone.

In 2017, the investors of the VERT Solar Fund I, LLC (the "VERT Fund Investors") sued debtor and Altenberg for fraud and breach of fiduciary duty in the Court of Chancery of the State of Delaware (the "Delaware Action").[1] On June 14, 2019, debtor filed for bankruptcy in the Southern District of Texas. After the stay against the Delaware Action was lifted, trial proceeded against Altenberg on September 24-26, 2019. On May 19, 2020, the Delaware Court issued its

---

[1] *HOMF II Investment Corp., et al. v. Altenberg, et al.,* Delaware Chancery Court, C.A. No. 2017-0293-JTL

2 / 7

post-trial Memorandum Opinion finding that Altenberg committed breach of fiduciary duty of loyalty to the VERT Fund Investors and that Altenberg fraudulently induced the VERT Fund Investors to invest in the VERT Fund, finding him liable in the amount of $4.43 million. Attorneys' fees were awarded against Altenberg in the amount of $1.7 million.

Prior to the bankruptcy filing, Altenberg formed a separate company, Clean Energy Nexus, LLC, ("CEN") which the Trustee alleges usurped debtor's business contracts. CEN was engaged in a similar business as the debtor. It is the formation of this company from which the Trustee alleges fraudulent transfers happened, as the Trustee argues the revenues CEN, and later CEN Juncos, generated from at least one solar contract usurped from the debtor enabled Altenberg to generously pay himself, and his wife, Alison Altenberg. The Trustee alleges that CEN and the debtor were the same company, and that any contracts and the revenues generated therefrom belonged to the debtor. The Trustee also argues that defendant Alison Alternberg was paid by the Debtor and other defendants for work that she did not perform for the debtor, CEN or CEN Juntos.

Pursuant to Rule 12(b)(6), if the plaintiff has failed to state a claim upon which relief may be granted, a defendant may move to dismiss the complaint.[2] The Court reviews motions under Rule 12(b)(6) "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."[3] In order to survive a motion to dismiss for failure to state a claim, a plaintiff must meet Federal Rule of Civil Procedure 8(a)(2)'s pleading requirement, requiring a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] "A complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true raise

---

[2] *DynaStudy, Inc. v. Houston Independent School District*, 325 F.Supp.3d 767,773 (S.D.Tex. 2017).
[3] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

a right to relief above the speculative level."[5] The Court must deny a motion to dismiss pursuant to 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[6]

## Legal Analysis

**Fraudulent Transfer**

The plaintiff characterizes six claims as fraudulent transfer claims.[7] In order to succeed on a fraudulent transfer claim, the Trustee must demonstrate: (1) a transfer was made of the Debtor's property; (2) the transfer was made within two years of the petition date; (3) the Debtor received less than reasonably equivalent value in exchange for such transfer; and (4) the Debtor was insolvent at the time of such transfer.[8] Trustee's complaint notes these elements and the factors for the court to consider in each of these causes of actions. However, the trustee does not tie any of the factual allegations to the causes of action or the elements.

An element common to fraudulent transfers under TUFTA and the Bankruptcy Code is that the transfer must be of an interest of the debtor in property. Although not defined in the Bankruptcy Code,[9] the Fifth Circuit has interpreted the phrase to refer to any interest of the debtor in property that would constitute property of the debtor's bankruptcy estate but for the debtor's transfer of such interest.[10]

Each of the Trustee's claims asserts that Defendant Altenberg, alongside the other defendants, formed a new business after the failure of the debtor and transferred assets to that

---

[5] *Lombard v. US Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009).
[6] *Rankin v. Wichita Falls,* 762 F.2d 444, 446 (5th Cir.1985).
[7] Causes of Action One and Two assert claims under Bankruptcy Code §§548 and 550; see Complaint at ¶¶84-94. Causes of Action Three, Four and Nine assert claims under the Uniform Fraudulent Transfer Act as enacted in Texas, Tex.Bus.&Com.Code Ch. 14; see Complaint at ¶¶95- 107 and 127-29. Per Cause of Action Five, the Plaintiff seeks to recover allegedly fraudulent transfers pursuant to Bankruptcy Code ¶550(a); see Complaint at ¶¶108-112.
[8] In re Supplement Spot, LLC, 409 B.R. 187, 199 (Bankr. S.D. Tex. 2009)
[9] *In re Jenkins*, 617 B.R. 91, 104 (Bankr. N.D. Tex. 2020).
[10] *In re Criswell*, 102 F.3d 1411, 1416 (5th Cir. 1997);

business. In considering the factual allegations in the pleading as true, the asset transfer that the Trustee is attempting to avoid would be the contract awarded to SRI Energy, although she attempts to argue that other funding business opportunities were also transferred.[11] SRI Energy is a third party that allegedly took projects to the debtor in order to form a collaboration to complete the project. The Trustee acknowledges that Altenberg "picked and chose which projects suggested by SRI Energy he would consider." Therefore, it was not a foregone conclusion that any project awarded to SRI Energy would be also worked on by the debtor, especially as the Trustee specially states that Altenberg did not find any of the previous projects that were discussed with SRI Energy to be potentially profitable.[12]

In applying this section, as plead by the trustee, this claim fails as the trustee failed to identify any transferred assets in which the debtor would have had a legal or equitable interest in at the time of filing. A mere expectation of business does not suffice.[13] The debtor's awareness of the Juncos project did not create a business opportunity that constituted a property interest. Here, the complaint merely recites the elements of the cause of action and does not set forth the facts in support of these elements as required by Federal Rule of Civil Procedure 8(a). As such, the motion to dismiss is granted on this claim and the related causes of action are dismissed.

**Breach of Fiduciary Duty**

The plaintiff asserts two claims for breaches of fiduciary duty – breach of fiduciary duty by Defendant Altenberg – as CEO of the Debtor, for engaging in the alleged fraud including misappropriation of assets; and a knowing participation conspiracy to breach those fiduciary duties of care and loyalty to the debtor against CEN, Vert Fund Investors, and Alison Altenberg. The

---

[11] Response, ECF no. 35, page 5.
[12] Complaint, ECF No. 1, page 16.
[13] *W. Steve Smith, Trustee v. Nicholas/Earth Printing, LLC,* 358 B.R. 693 (Bankr. S.D. Tex. 2007).

defendants argue that recovery in this proceeding would equate to double recovery as these asserted claims have been made, and adjudicated in the Delaware Action, in which judgment has been rendered against Altenberg. The trustee distinguishes this claim as being different from the Delaware Action, as in that case, the VERT investors brought suit for fiduciary duties owed only to the VERT fund. The factual allegations regarding the Delaware Action are extensive. If that is the case, then it appears that the factual allegations regarding the Delaware Action are not relevant to the instant complaint. Here, the complaint merely recites the elements of the cause of action and does not set forth the facts in support of these elements as required by Federal Rule of Civil Procedure 8(a).

Further, in Texas, in order to succeed on a claim for civil conspiracy to breach fiduciary duties, the trustee must demonstrate: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result.[14] The complaint does not identify any type of activity performed by the investors that creates a cause of action for conspiracy to breach fiduciary duties. Second, the complaint fails to identify any duty the investors had to the debtor. As presented, the Court sees none. Therefore, the motion to dismiss is granted on this claim.

**Unjust Enrichment**

Defendants move to dismiss Cause of Action No. Eight stating unjust enrichment is not an independent cause of action. Texas law is not completely clear on whether unjust enrichment is recognized as an independent cause of action or is merely recognized as a quasi-contractual theory of recovery.[15] Even within the Southern District of Texas, there is disagreement about whether

---

[14] *See Juhl v. Arlington, 936 S.W.2d 640, 644 (Tex. 1996).*
[15] *See Perales v. Bank of Am., N.A.*, No. H-14-1791, 2014 WL 3907793, at *3 (S.D. Tex. Aug. 11, 2014)

6 / 7

unjust enrichment is an independent cause of action, a theory of recovery, or both.[16]  This Court agrees with those district courts in the Southern District of Texas that have found that whether characterized as an independent cause of action or as a theory of recovery, a plaintiff can nonetheless recover when "one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage."[17] Here, the trustee appears to argue unjust enrichment as a theory of equitable recovery alone.

To recover under unjust enrichment under Texas law, plaintiffs must show that a defendant "obtained a benefit from another by fraud, duress, or the taking of undue advantage."[18] Here the trustee pled the bare minimum against all defendants, and failed to sufficiently plead allegations that show how each defendant obtained a benefit.  As such, the motion to dismiss is granted on this ground.

**THEREFORE, IT IS ORDERED** that Defendant's Motion to Dismiss is granted in full, without prejudice.  The trustee has fourteen days to amend the complaint.

SIGNED 08/11/2021

Jeffrey Norman
United States Bankruptcy Judge

---

[16] *Compare Banion v. Geovera Specialty Ins. Co.*, No. CV H-15-1595, 2016 WL 7242536, at *3 (S.D. Tex. Dec. 15, 2016) (J. Rosenthal) ("Texas courts recognize unjust enrichment as an independent cause of action), *and  Nueces Cty., Tex. v. MERSCORP Holdings, Inc.*, No. 2:12-CV-00131, 2013 WL 3353948, at *19 (S.D. Tex. July 3, 2013) (J. Ramos) ("Unjust enrichment may be both an equitable right asserted as its own cause of action, or a theory of recovery."), *and Mora v. Koy*, No. CIV. A. H-12-3211, 2013 WL 2289887, at *5 (S.D. Tex. May 23, 2013) (J. Miller)
[17] *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)
[18] *Id.* at 42.